1  SHOOK, HARDY AND BACON LLP
2  Naoki S. Kaneko (SBN 252285)
   nkaneko@shb.com
3  5 Park Plaza, Suite 1600
   Irvine, CA 92614
4  Tel: 949.475.1500

5  Amir M. Nassihi (SBN 235936)
6  anassihi@shb.com
   M. Kevin Underhill (SBN 208211)
7  kunderhill@shb.com
   555 Mission Street, Suite 2300
8  San Francisco, CA 94105
   Tel: 415.544.1900
9
10 Attorneys for Defendant
   The Hershey Company
11

12

13                UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                     SAN JOSE DIVISION

16

17 REBECCA ESCOBAR, individually and on     Case No. 5:24-cv-06844-EJD
   behalf of those similarly situated,
18                                           Assigned to: Hon. Edward J. Davila
               Plaintiff,
19                                           **HERSHEY'S MEMORANDUM OF**
                                             **POINTS AND AUTHORITIES IN**
20     v.                                    **SUPPORT OF MOTION TO DISMISS**
                                             **PLAINTIFF'S SECOND AMENDED**
21 THE HERSHEY COMPANY,                      **COMPLAINT**

22             Defendant.                    **DATE: January 15, 2026**
                                             **TIME:  9:00 AM**
23                                           **COURTROOM: 280 South First Street**
                                             **Courtroom 4, 5th Floor, San Jose**
24

25

26

27

28

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

FACTS ............................................................................................................................... 3

LEGAL STANDARD............................................................................................................ 4

ARGUMENT ...................................................................................................................... 5

I.    The Court granted leave to amend existing claims, not to offer new and different ones. ............................................................................................................................ 5

II.   Plaintiff again has failed to plead facts making it plausible that reasonable consumers would have been deceived by the labels. ............................................................. 7

III.  Plaintiff has also failed to plead fraud with particularity for purposes of the FAL claim and certain other allegations. ............................................................................. 11

IV.   Plaintiff again has not pleaded facts showing "substantial similarity" between the products she bought and those she did not............................................................... 12

V.    The Court should dismiss all remaining claims for equitable relief. ................................ 13

CONCLUSION................................................................................................................... 15

## TABLE OF AUTHORITIES

**Federal Cases**                                                                      **Page(s)**

*Argueta v. Walgreens Co.*,
  2024 WL 5186825 (E.D. Cal. Dec. 20, 2024) ........................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................4, 5

*Becerra v. Dr Pepper/Seven Up, Inc.*,
  945 F.3d 1225 (9th Cir. 2019) ...................................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................4, 5

*Bodenburg v. Apple Inc.*,
  146 F.4th 761 (9th Cir. 2025) ..............................................................................7, 9

*Bruno v. U.S. Renal Care, Inc.*,
  No. 2:21-cv-04617-FLA, 2022 WL 2439525 (C.D. Cal. July 5, 2022)....................13

*Calcagno v. Kipling Apparel Corp.*,
  No. 23-cv-2247-BAS-BLM, 2024 WL 3261205 (S.D. Cal. July 1, 2024)...............13

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ...................................................................................14

*DeLeon v. Wells Fargo Bank, N.A.*,
  No. 10-CV-01390-LHK, 2010 WL 4285006 (N.D. Cal. Oct. 22, 2010)...............5, 6

*Eclectic Prop. East, LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) .....................................................................................5

*Guzman v. Polaris Indus., Inc.*,
  49 F.4th 1308 (9th Cir. 2022) ..................................................................................14

*Hamm v. Mercedes-Benz USA, LLC*,
  No. 5:16-cv-03370-EJD, 2022 WL 913192 (N.D. Cal. Mar. 29, 2022)..................13

*Jackson-Jones v. Epoch Everlasting Play, LLC*,
  2025 WL 2408817 (9th Cir. Aug. 20, 2025)............................................................14

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...................................................................................5

*Kennedy v. Full Tilt Poker*,
  No. CV 09–07964, 2010 WL 3984749 (C.D. Cal. Oct. 12, 2010) ............................6

*Kenney v. Fruit of the Earth, Inc.*,
  2024 WL 4578981 (9th Cir. Oct. 25, 2024)..............................................................14

*In re Kia Hyundai Vehicle Theft Litig.*,
    No. 8:22-ml-03052-JVS, 2025 WL 2633185 (C.D. Cal. Sept. 3, 2025)..............................5, 6

*Kim v. Bluetriton Brands, Inc.*,
    No. 22-56063, 2024 WL 243343 (9th Cir. Jan. 23, 2024) ........................................................7

*King v. General Motors LLC*,
    2024 WL 3297059 (N.D. Cal. July 2, 2024)............................................................................14

*Klaehn v. Cali Bamboo LLC*,
    No. 21-55738, 2022 WL 1830685 (9th Cir. June 3, 2022).................................................13, 14

*Kroessler v. CVS Health Corp.*,
    977 F.3d 803 (9th Cir. 2020) ..................................................................................................10

*Maxwell v. Unilever United States, Inc.*,
    No. 5:12-cv-01736-EJD, 2018 WL 1536761 (N.D. Cal. Mar. 29, 2018) ...........................5, 10

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023) ...............................................................................................7, 8

*McKinney v. Corsair Gaming, Inc.*,
    No. 22-cv-00312-CRB, 2022 WL 2820097 (N.D. Cal. July 19, 2022) ...................................13

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) ...................................................................................12

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ......................................................................................................7

*Muhmoud v. City of San Jose*,
    20-cv-08808-EJD, 2024 WL 2883509 (N.D. Cal. June 6, 2024) ............................................14

*Perez v. Nidek Co., Ltd.*,
    711 F.3d 1109 (9th Cir. 2013) ................................................................................................10

*Puri v. Costco Wholesale Corp.*,
    No. 5:21-CV-01202-EJD, 2021 WL 6000078 (N.D. Cal. 2021)............................................10

*Reese v. Wal-Mart Associates, Inc.*,
    No. 1:24-cv-01092-KES, 2025 WL 472721 (E.D. Cal. Feb. 12, 2025) ...........................13, 14

*Roffman v. Perfect Bar, LLC*,
    No. 22-cv-02479-JSC, 2022 WL 4021714 (N.D. Cal. Sept. 2, 2022) .....................................10

*Sanchez v. Nurture, Inc.*,
    No. 5:21-cv-08566-EJD, 2023 WL 6391487 (N.D. Cal. Sept. 29, 2023)..................4, 5, 12, 13

*Seljak v. Pervine Foods, LLC*,
    No. 21 Civ. 9561 (NRB), 2023 WL 2354976 (S.D.N.Y. 2023) ...............................................9

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................13

*Swearingen v. Late July Snacks LLC*,
    No. 13-cv-04324-EMC, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) ................................11

*Whiteside v. Kimberly Clark Corp.*,
    108 F.4th 771 (9th Cir. 2024) ....................................................................7

*Yu v. Dreyer's Grand Ice Cream, Inc.*,
    592 F. Supp. 3d 146 (S.D.N.Y. 2022)...........................................................9

**California Cases**

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ...................................................................10, 11

**Other Authorities**

21 C.F.R. § 101.9 ........................................................................................3

21 C.F.R. § 101.13 .................................................................................3, 4, 8

Fed. R. Civ. P. 8 .............................................................................2, 4, 5, 10

Fed. R. Civ. P. 9(b) ...................................................................................2, 5

Fed. R. Civ. P. 12 .........................................................................................2

Fed. R. Civ. P. 15 ...................................................................................2, 5, 6

## **INTRODUCTION**

This is Plaintiff's third attempt to allege a viable claim, and the third time she has failed. As Hershey noted in its prior motion to dismiss, this case turns on common sense. It involves chocolate candy bars, baking chips, and similar products. As the Court recognized, it is common knowledge that such products contain saturated fat. Yet Plaintiff continues to allege that she and others were deceived about the saturated-fat content because the front labels made *true* statements about *sugar* content. The Court agreed that the products' labels would not have misled reasonable consumers:

> Hershey argues that the labeling would not mislead a reasonable consumer as a matter of law. The Court agrees. Nothing on the front of the package would lead a reasonable consumer to believe the product is low in fat. As Hershey points out, reasonable consumers already know that chocolate contains fat. … But even if a consumer did not know that chocolate contains fat, the FAC does not demonstrate that a reasonable consumer would believe that "LESS SUGAR" means low fat. Moreover, in situations—as here—where the front label is not "unambiguously deceptive," the Court may also consider the back label. *McGinity v. Procter & Gamble Co*., 69 F.4th 1093, 1098 (9th Cir. 2023). Here, the back label correctly indicated that the Products contained saturated fat. The FAC fails to demonstrate that the front label, read alone or in conjunction with the back label, would mislead a reasonable consumer into believing that the Products are low in saturated fat.

Order Granting Mot. to Dismiss (ECF 40) at 7 (Order). Based on this reasoning, the Court held that all of Plaintiff's claims failed as a matter of law. It granted leave to amend, but only "to allege facts with more specificity and to cure the other deficiencies identified in this Order." *Id*. at 19. The "other deficiencies" involved the date Plaintiff bought the products.

In her Second Amended Complaint (SAC), Plaintiff has addressed the second problem but not the first: she has alleged no facts affecting this Court's ruling that reasonable consumers would not have been deceived by this packaging. Regardless of when Plaintiff made her purchase, and regardless of whether she personally was misled (however misguided), the law requires facts making it plausible that *reasonable consumers* would have been misled. Subjective *un*reasonable beliefs are not sufficient. The Court already has held, as a matter of law, that the labels were not objectively misleading. Nothing in the SAC changes that.

The SAC still contains all the same allegations this Court previously rejected: that (until 2024), reasonable consumers might have been misled about fat by truthful representations on the

front label about sugar, and so an additional disclosure on the front label was required pointing them to the back label. But Plaintiff has also improperly amended the complaint to include an entirely new claim: that the "Less Sugar" statement on the front label was deceptive if not accompanied by certain "comparative" and "quantitative" disclosures. Rule 15 allows only one amendment as a matter of course, and that right must be exercised within 21 days of serving the initial pleading or receiving a defendant's Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Any further amendments must be by stipulation or leave of court, and are limited to the scope of the permission granted. Here, Plaintiff chose not to exercise her right to amend in response to Hershey's motion, and the Court's order dismissing the SAC permitted amendment only "to allege facts with more specificity and to cure the other deficiencies identified in this Order." The Court did not grant Plaintiff leave to concoct an entirely new claim, and so the SAC should be dismissed for that reason alone.

In addition to the new claim being improper, it also fails to state a claim for the exact reason the previously dismissed claim failed: no reasonable consumer would be misled. Plaintiff is challenging the very same front labels. But the Court already has held these labels were not "unambiguously deceptive" and therefore a reasonable consumer could not ignore other information on the package or fail to use common sense. Reasonable consumers know chocolate generally contains sugar as well as fat, and they know that food products have Nutrition Facts panels (NFPs) that will tell them exactly how much sugar or fat a product contains. This new theory, therefore, fails for two reasons: (1) it is untimely and improper and (2) no reasonable consumer would have been deceived by these labels.

Some claims would fail for other reasons as well. For example, the Court previously held that Plaintiff had not pleaded facts with particularity showing the mental state required by the FAL—that someone at Hershey knew or should have known the "less sugar" labeling would mislead consumers. This was an alternative basis for dismissal, one that the Court need not reach here because the reasonable-consumer ruling is dispositive. But even if the Court reaches the issue, the handful of paragraphs on this point in the SAC are simply conclusory allegations about what Plaintiff claims Hershey must have known because it is a big food company. That does not satisfy even Rule 8, much less Rule 9(b). Again, therefore, this would be an alternative basis for dismissal.

Additionally, Plaintiff again has failed to allege facts showing substantial similarity between the few products she allegedly bought and the many other products identified in the SAC. Without those allegations she has not shown she has standing to bring claims regarding those other products.

Finally, to the extent Plaintiff is still seeking equitable remedies—the only remedies available under the UCL and FAL—her claims must also be dismissed because she has alleged no facts showing her legal remedies would somehow be inadequate if she could prevail. Plaintiff no longer appears to seek injunctive relief, which makes sense given that she concedes any violations have already been corrected. But to the extent she still seeks equitable monetary relief in the form of restitution, she alleges only conclusions and (incorrect) legal arguments, not facts showing her damages remedy would necessarily be inadequate.

For all these reasons, the Court should dismiss the SAC with prejudice.

## FACTS

Plaintiff's SAC again targets "Lily's" brand chocolate products. SAC ¶¶ 1, 31–32. Though she defines the "Products" at issue to be all Lily's bars, baking chips, baking bars, peanut butter cups, and chocolate-covered nuts, she herself only bought three products: the Coconut Dark Chocolate Bar, Dark Chocolate Baking Chips, and Peppermint Flavor Baking Chips. *Id.* ¶ 27(a).

The SAC still contains the same theory this Court previously held did not state a claim—that the products' front labels were unambiguously deceptive because they lacked an additional statement directing consumers to "See nutrition information for [fat] content." *See, e.g.*, SAC ¶¶ 1, 12, 13, 27(f), 31, 110, 138, 146, 174. A nutrient content claim is a statement that "expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling" under FDA regulations. 21 C.F.R. § 101.13(b). "Nutrition labeling" refers to the "Nutrition Facts" panel (NFP) that generally appears on a food's back label. *See* 21 C.F.R. § 101.9; SAC ¶ 3 (showing one product's NFP). As before, the only nutrient content claims Plaintiff identifies are "less sugar" and "no sugar added." *See id.* ¶ 4. Plaintiff does not allege these statements are false or that Defendant violated any of the nutrient content regulations that apply to sugar claims. Instead, Plaintiff alleges that the front labels should have directed consumers to read the NFP to learn how much saturated fat is in each product. *See, e.g.*, SAC ¶ 1, 5, 7, 13, 18, 34, 78–96. As before, the SAC dwells at length on

the allegedly high levels of *saturated fat* in the chocolate bars, not sugar. *See id*. ¶¶ 35, 60, 69–96, 155, 161, 172.

Knowing she has not cured and cannot cure the deficiencies identified in the Court's order, Plaintiff tries to salvage her case by adding entirely new allegations involving different alleged omissions not mentioned in her prior complaints. Instead of 21 C.F.R. § 101.13(h)(1), the new allegations concern 21 C.F.R. § 101.13(j). The allegedly missing disclosure now is one that compares the amount of the nutrient in question (here, sugar) with the amount of that nutrient in "an appropriate reference food[.]" *See* SAC ¶ 113 (quoting 21 C.F.R. § 101.13(j)(1). As before, Plaintiff alleges that the statement and alleged omission about sugar misled consumers about the level of saturated fat. *See, e.g.*, *id*. ¶ 155. But Plaintiff also alleges that a positive claim about any nutrient necessarily leads reasonable consumers to make positive assumptions about all sorts of other nutrients. *See* SAC ¶¶ 122–36. That is not the law and she has pleaded no facts to support it. For example, none of the articles she cites involved chocolate bars or any other products that reasonable consumers know contain saturated fat (or sugar) to begin with. For that matter, many of the front labels Plaintiff identifies mention other ingredients like coconut, peanut butter, hazelnut butter, peanuts, or almonds, which reasonable consumers also know contain fat and sugar. SAC ¶ 32. The back labels specifically disclose the presence and amount of these nutrients in each product. *Id*. ¶ 34.

Plaintiff again asserts causes of action under California's UCL, FAL, and CLRA, and a cause of action for unjust enrichment, on behalf of herself and other California citizens. SAC ¶¶ 202–15, 216–34, 235–45, 246–50. She has dropped the prior claim under Pennsylvania law, no longer attempts to represent a "nationwide class," and has deleted the allegations relating to her demand for injunctive relief (though that is still mentioned in the prayer).

## LEGAL STANDARD

A plaintiff must allege sufficient facts to state a claim that is facially plausible. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Sanchez v. Nurture, Inc.*, No. 5:21-cv-08566-EJD, 2023 WL 6391487, at *2 (N.D. Cal. Sept. 29, 2023). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. It is not enough to plead facts showing only that liability is "conceivable" or "possible"; plaintiffs must allege facts that cross the line to plausibility. *Twombly*, 550 U.S. at 570; *Eclectic Prop. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The determination is "context specific, requiring the reviewing court to draw on its experience and common sense" when considering allegations. *Iqbal*, 556 U.S. at 663–64. A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully" and cannot rely on mere "labels and conclusions" to support a claim. *Id.*; *Twombly*, 550 U.S. at 555. Labels, conclusions, and mere assertions are not "facts" entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79.

Any claims that are grounded in fraud must also be pleaded with particularity. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126–27 (9th Cir. 2009); *Sanchez,* 2023 WL 6391487, at *2. Though a consumer-protection claim may not involve allegations of fraud, any such claim that *is* "grounded in fraud," regardless of the label a plaintiff may attach to it (as with Plaintiff's UCL "unfair" and "unlawful" claims here), is subject to Rule 9(b) as well as Rule 8. *Kearns*, 567 F.3d at 1126–27. In such cases, a plaintiff is therefore required to plead particular facts making it plausible that the alleged injury actually resulted from the allegedly deceptive practice, or in other words, reliance. *See, e.g.*, *Maxwell v. Unilever United States, Inc.*, No. 5:12-cv-01736-EJD, 2018 WL 1536761, at *3–4 (N.D. Cal. Mar. 29, 2018) (dismissing UCL claims under all three prongs because plaintiff's reliance allegations did not satisfy Rule 8 or 9(b)).

<u>**ARGUMENT**</u>

**I.    The Court granted leave to amend existing claims, not to offer new and different ones.**

A party may amend its pleading only once as a matter of course, no later than (A) 21 days after serving it or (B) 21 days after service of a responsive pleading or 12(b) motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at (a)(2). It follows that any amendments must be within the scope of the order granting leave. Therefore, "[w]hen granting leave to amend deficiencies in specific claims, courts dismiss or strike new claims alleged for the first time in the amended pleading." *In re Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ml-03052-JVS, 2025 WL 2633185, at *5 (C.D. Cal. Sept. 3, 2025) (dismissing new claims that exceeded scope of court's order); *see also, e.g.*, *DeLeon v. Wells*

*Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (same where court had granted leave only to cure deficiencies in existing claims); *Kennedy v. Full Tilt Poker*, No. CV 09–07964, 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12, 2010) (noting court struck amended complaint for failure to seek leave).

Here, this was Plaintiff's third attempt to plead a viable claim. She served her initial complaint more than a year ago, on October 17, 2024. Certificate of Service, ECF 9. The parties then stipulated to a number of extensions and to Plaintiff's filing of a First Amended Complaint, which she filed on January 9, 2025. *See* ECF 11, 18, 19 (stipulations); ECF 21 (the FAC). After a further extension, Hershey filed and served its 12(b)(6) motion on February 6, 2025. ECF 29. Accordingly, Plaintiff had until February 27 to exercise her right to amend once as a matter of course. Fed. R. Civ. P. 15(a)(1). Instead, she chose to defend the FAC. Following the Court's order dismissing that pleading, therefore, she could amend only to the extent permitted by the Court.

The Court granted leave only "to amend [the FAC] to allege ***facts*** with more specificity and to cure the other deficiencies identified in this Order." Order at 19 (emphasis added). It did not authorize Plaintiff to go beyond that and assert a new claim that did not appear in either of her first two complaints. For that matter, Plaintiff did not even *seek* leave to add a new claim, asking for leave to amend only "[t]o the extent that the Court determines any claim is deficient." Pl.'s Opp. to Mot. to Dismiss FAC (ECF 32) at 29. Yet the SAC now alleges, for the first time, that "Less Sugar" is a nutrient content claim that required certain comparative disclosures (about sugar) to also appear on the front label. *See, e.g.*, SAC ¶ 20 (alleging Defendant made the claim "without including the reference product and the required quantitative information" Plaintiff claims is required); *see also id.* ¶¶ 27(f), 31, 112–29, 147, 148, 166–70, 173, 184. These amendments do not add specificity to the prior claims or cure any deficiency identified in the Court's order. They allege a new and unauthorized claim. While, as discussed below, this one fails for the same reason the original claim failed, the Court did not grant leave to assert it and so should dismiss it for that reason alone. *In re Kia Hyundai Vehicle Theft Litig.*, 2025 WL 2633185, at *5; *DeLeon*, 2010 WL 4285006, at *3.

**II.    Plaintiff again has failed to plead facts making it plausible that reasonable consumers would have been deceived by the labels.**

The "reasonable consumer" standard applies to all of Plaintiff's claims here. *See, e.g.*, *Bodenburg v. Apple Inc.*, 146 F.4th 761, 769 (9th Cir. 2025) (UCL, FAL, and CLRA); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) (same); *Kim v. Bluetriton Brands, Inc.*, No. 22-56063, 2024 WL 243343, at *2 (9th Cir. Jan. 23, 2024) (holding unjust-enrichment claims that "presume[d] the success of [plaintiff's] consumer deception and fraud claims" failed for the same reason as those claims). The likelihood of deception must be evaluated in light of all the information reasonably available to a consumer, including not only information on a product's back label but also information that is commonly known and "contextual inferences" regarding a product and its packaging. *See, e.g.*, *McGinity*, 69 F.4th at 1097–99 (holding back label disclosed allegedly concealed facts); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) ("information available to a consumer is not limited to the physical label"); *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) (considering dictionary definitions, common knowledge, and other context). The only exception is when a plaintiff has plausibly shown a product's front label is "unambiguously deceptive" to the point that a reasonable consumer would be deterred from looking elsewhere. *Bodenburg*, 146 F.4th at 769; *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024). A plaintiff who has not made the necessary showing cannot successfully argue that disclosures on the product's back label should be ignored. *McGinity*, 69 F.3d at 1097–99.

Here, the Court has already held that the Lily's labels were not "unambiguously deceptive" and "would not mislead a reasonable consumer as a matter of law." Order Granting Motion to Dismiss (ECF 40) at 7–14 (dismissing the FAL, UCL, and CLRA claims for this reason), 17–18 (dismissing unjust-enrichment claim for the same reason). Reasonable consumers already know chocolate contains fat, but even if they did not, they would not interpret statements like "LESS SUGAR" to mean "low fat." *Id.* at 7. In short, the Court held, "[n]othing on the front of the[se] package[s] would have led a reasonable consumer to believe the product is low in fat." *Id.* Any ambiguity could be cleared up by the disclosures on the back label, but "read alone or in conjunction with the back label," the front label was not misleading as a matter of law. *Id.*

Nothing in the Second Amended Complaint supports a different result. For one thing, the SAC still includes the very same argument the Court previously rejected—that "LESS SUGAR" would mislead a reasonable consumer regarding *saturated fat*, so that without an additional disclosure telling her to look at the back label, she would not look and would therefore be deceived. *See, e.g.*, SAC ¶¶ 1, 12, 13, 27(f), 31, 110, 138, 146, 174. Those allegations have not changed, and the Court should dismiss them for the same reason as before.

In the new allegations, Plaintiff alleges the very same front labels were misleading; all that has changed is what Hershey allegedly omitted from them. Instead of 21 C.F.R. § 101.13(h)(1), the new allegations concern 21 C.F.R. § 101.13(j), and the allegedly missing disclosure would have compared the amount of the nutrient in question with the amount of that nutrient in "an appropriate reference food[.]" *See* SAC ¶ 113 (quoting 21 C.F.R. § 101.13(j)(1). That is, the implication is that "less sugar" should have been accompanied by something like "half the sugar in [reference food]." *See id.* ¶ 114 (citing 21 C.F.R. § 101.13(j)(2)(i)). But Plaintiff is still alleging primarily that a statement about *sugar*, in the absence of an additional disclosure statement, would mislead reasonable consumers about the level of *saturated fat*. *See, e.g.*, *id.* ¶¶ 1, 7, 13, 18, 33–35, 58, 60, 69–96, 146, 154–62. That is exactly the same theory the Court rejected last time.

In a handful of new paragraphs, Plaintiff suggests she is also claiming the "less sugar" statement misled reasonable consumers of Lily's chocolate products about *sugar*, but she does not allege facts making this plausible, either. SAC ¶¶ 20, 166–70, 173, 184. For example, she alleges that without the "reference product and the required quantitative information," reasonable consumers interpreted "less sugar" to mean Lily's products "contain[ed] less sugar *than all other products in the marketplace*," or "'less sugar' *than similar products in [Hershey's] portfolio*…." SAC ¶¶ 20, 170 (emphases added). But the labels did not say "less sugar than all other products," or "less sugar than any other chocolate bar," or "less sugar than any Hershey bar." They said "less sugar." If that statement is ambiguous, a reasonable consumer would still have the obligation to read further in order to clarify it. *McGinity*, 69 F.4th at 1097–99. Indeed, the Ninth Circuit recently held a plaintiff's alleged expectation was not reasonable "because it derives only from the potential ambiguity in

Apple's statements and lacks support in any express representation by Apple," so other disclosures had to be considered. *Bodenburg*, 146 F.4th at 769. The same is true here.

And just as with saturated fat, the NFP discloses exactly how much sugar is in each product, and the SAC shows that Lily's products have almost none. *See* SAC ¶ 60 (1g per serving). In an apparent effort to make her claim plausible, Plaintiff compares this only to products marketed as having "*zero* sugar." *See id.* It is true that one gram of sugar is not "less than" zero grams of sugar, if that is Plaintiff's point. But Plaintiff alleges no facts suggesting that reasonable consumers would confuse "zero" with "less than," or that a difference of one gram—4 calories—would be material to a reasonable consumer. And one gram definitely *is* "less than" the amount in the vast majority of chocolate products in the marketplace (a regular Hershey bar has 25g per serving). Thus, even under Plaintiff's theory, the "less sugar" statement is true. And common sense dictates that what reasonable consumers care about is the amount of sugar in a product, and the NFP answers that question. (Plaintiff does not allege the information in the panel is not accurate.) In short, Plaintiff also has not alleged facts making it plausible that the "less sugar" statements on Lily's products would have materially misled reasonable consumers about sugar content.

Even more tenuously, Plaintiff now contends that the presence of an arguably positive claim about any nutrient necessarily leads reasonable consumers to make positive assumptions about any and all other nutrients that might (or might not) be present in that food. *See* SAC ¶¶ 122–36 (quoting a few studies). But Plaintiff does not (and cannot) allege that those studies involved similar circumstances. They generally focused on fat, not sugar; some did not find a statistically significant association; and most importantly, none of them studied consumers' reactions to packaged food that had NFPs attached. In any event, a number of courts—including this one—have rejected such "general healthiness" claims involving products like these. *See, e.g.*, *Seljak v. Pervine Foods, LLC*, No. 21 Civ. 9561 (NRB), 2023 WL 2354976, at *1, 13 (S.D.N.Y. 2023) (holding reasonable consumers would not believe that a product with "FIT" in the name was "healthy" where it comes in flavors that sound like desserts); *Yu v. Dreyer's Grand Ice Cream, Inc.*, 592 F. Supp. 3d 146, 159 (S.D.N.Y. 2022) (holding "[a] reasonable consumer would know that chocolate must be mixed with some significant amount of fat or oil to create a coating that would solidify around an ice cream

bar."); *Puri v. Costco Wholesale Corp.*, No. 5:21-CV-01202-EJD, 2021 WL 6000078, at *7 (N.D. Cal. 2021) ("it is simply not plausible that a reasonable consumer would purchase and eat chocolate covered ice cream bars for health or nutritive benefits or satiety value.") Plaintiffs' "new" theory is no more plausible than the old one.

Finally, as before, Plaintiff's allegation that Defendant violated FDA regulations by (temporarily) failing to accompany nutrient content claims with some other required disclosure does not make any difference here. Plaintiff could not sue, and is not suing, *only* to enforce a technical violation of the Food, Drug, and Cosmetic Act (or its regulations) that did not affect her. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 808 (9th Cir. 2020); *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1119 (9th Cir. 2013); *Argueta v. Walgreens Co.*, 2024 WL 5186825, at *4–5 (E.D. Cal. Dec. 20, 2024). She is suing because she claims to have been misled. The *FDA* might choose to enforce a technical violation, but a private plaintiff must adequately plead all the elements of a state-law claim, including that she suffered harm as a result of the alleged violation. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326–27 (2011). If the claim sounds in fraud, then the plaintiff must properly allege reliance, regardless of which UCL prong the plaintiff is purporting to use. *See Maxwell*, 2018 WL 1536761, at *3–4 (dismissing UCL claims under all three prongs because plaintiff's reliance allegations did not satisfy Rule 8 or 9(b)).

Here, Plaintiff alleges only that the allegedly non-compliant front label caused her to lose money because it misled her into making a purchase she otherwise would not have made. But a reasonable consumer would not have been misled in the way she claims, and Plaintiff does not and could not allege that her economic harm resulted from the regulatory violation alone. So she cannot try to avoid the problems with her claim by recasting it as one for "unlawful" conduct under the UCL. *See, e.g.*, *Shaeffer*, 44 Cal. App. 5th at 1133, 1143–45 (applying *Kwikset*; holding that even if front label was "unlawful," plaintiff did not plausibly allege it caused her harm); *Roffman v. Perfect Bar, LLC*, No. 22-cv-02479-JSC, 2022 WL 4021714, at *5–6 (N.D. Cal. Sept. 2, 2022) (dismissing for failure to allege reliance where plaintiff argued "the front-label protein claim is unlawful without a corresponding figure on the nutrition facts panel"); *Maxwell*, 2018 WL 1536761, at *3–4 (N.D. Cal. Mar. 29, 2018) (dismissing "unlawful" and "unfair" UCL claims that sounded in fraud for

1  failure to adequately allege reliance); *Swearingen v. Late July Snacks LLC*, No. 13-cv-04324-EMC,

2  2017 WL 4641896, at *2–3 (N.D. Cal. Oct. 16, 2017) (applying *Kwikset*; dismissing claims based on

3  violations of labeling regulations where plaintiffs did not plead harm resulting from reliance).

4      Because Plaintiff again has failed to allege facts making it plausible that she or any

5  reasonable consumer would have been deceived by the products' labels, the Court should dismiss the

6  SAC with prejudice.

7  **III.  Plaintiff has also failed to plead fraud with particularity for purposes of the FAL claim**

8      **and certain other allegations.**

9      The Court also held that the FAL claim failed because Plaintiff did not allege "the requisite

10 mental state" on the part of anyone at Hershey. Order at 8 (citing Rule 9(b) and *People v. Forest E.*

11 *Olson, Inc.,* 137 Cal. App. 3d 137, 139 (1982)). This was an alternative ground for dismissal,

12 because the Court had already held that all of Plaintiffs' claims failed to meet the reasonable-

13 consumer standard. For the reasons above, the Court need not reach the point here, but if it were to

14 do so, it should reach the same result. Nothing in the SAC cures the deficiency the Court identified.

15     Plaintiff has added allegations about marketing campaigns Hershey purportedly conducted

16 involving social media posts and other statements regarding its acquisition of the Lily's brand to

17 promote "better-for-you" products. *See* SAC ¶¶ 39–46. If those are meant to bolster the mental-state

18 allegations, and it is not clear what other purpose they might have, nothing in those paragraphs even

19 suggests that "anyone at Hershey knew or should have known that the 'less sugar' labeling was false

20 or misleading with respect to the saturated fat content of the Products," the facts this Court held were

21 missing. Order at 8. Nor would they allege intent with regard to the newly added claim. In the FAL

22 count itself, Plaintiff has inserted seven paragraphs that assert conclusory statements about what

23 Plaintiff believes Hershey, "as one of the largest food companies in the world," knew or should have

24 known. *See* SAC ¶¶ 225–31. There are no facts whatsoever about *who* at Hershey knew or should

25 have known these things, *when* they allegedly knew them (if they did), or *why* Plaintiff believes what

26 she claims to believe in these paragraphs. Even allegations made "on information and belief" must

27 provide the facts on which the belief is based. Plaintiff merely asserts the conclusions with no factual

28 support. These allegations are insufficient.

1    Further, the SAC continues to refer to "advertising" and "marketing" other than the labels

2  Plaintiff claims to have relied on, but does not identify these with any particularity. For example, it

3  refers to various statements involving its marketing campaigns involving "better-for-you" products

4  and other statements that Plaintiff herself does not allege she actually saw, heard, or relied upon. *See*

5  SAC ¶¶ 3, 4, 32, 64–68. Allegations regarding these other advertising and marketing campaigns

6  should also be dismissed because they are not pleaded with particularity and there is nothing to tie

7  any of that purported advertising to Plaintiff's purchases.

8  **IV.    Plaintiff again has not pleaded facts showing "substantial similarity" between the**

9         **products she bought and those she did not.**

10    For other reasons as well, Plaintiff has not pleaded facts showing she may pursue claims

11 regarding products she did not buy. The Court did not reach this argument previously, and need not

12 reach it now for the reasons above. But if it does, it should dismiss in part for this reason as well.

13    A plaintiff can bring claims regarding products she did not buy only when there is

14 "substantial similarity" between the purchased and unpurchased products and the various alleged

15 misrepresentations at issue. *Sanchez*, 626 F. Supp. 3d at 1116–17 (citing cases). In *Sanchez*, the

16 plaintiff "provided a chart listing each challenged product and the nutrient content claim" being

17 made, which the Court held was enough to show that one set of products were sufficiently similar

18 "in name and in ingredients" as well as the nutrient content claim being made. *Id*. at 1117. But it

19 reached a different conclusion as to another set, pointing out that "[t]he composition of the products

20 varies significantly." *Id*. The difference in ingredients was "dispositive." *Id. See also Miller v.*

21 *Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868–72 (N.D. Cal. 2012) (holding that though

22 purchased and unpurchased chocolate products had some similarities, differences in uses and labels

23 were too great to allow plaintiff to bring claims for all).

24    Here, Plaintiff vaguely defines "the Products" at issue to mean *all* "Lily's brand food

25 products" or at least all those that "bear similar misrepresentations and lacked the required disclosure

26 statement." SAC ¶ 1 & n.2. She does not provide a chart or even a list of these products, and only

27 some of the products' labels are pictured in the SAC. But even looking at the labels that are pictured,

28 it is clear the products contain very different ingredients. For example, some are made with dark

chocolate, as were two of the products Plaintiff allegedly bought, but many are not. Plaintiff does not allege that all types of chocolate have the same level of saturated fat or sugar (because they do not). Further, the labels show some products contain coconut and some do not, while others contain caramel, hazelnut butter, peanut butter, nuts, popcorn, or none of the above. Again, this means the levels will differ. As in *Sanchez*, therefore, the composition of these products varies significantly. Plaintiff has not shown the products she did not buy are "substantially similar," and so any claims regarding those products should be dismissed.

## V.    The Court should dismiss all remaining claims for equitable relief.

A plaintiff seeking equitable relief must, among other things, plead facts showing that she "lacks an adequate legal remedy." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020); *see Klaehn v. Cali Bamboo LLC*, No. 21-55738, 2022 WL 1830685, at *3 (9th Cir. June 3, 2022) (applying *Sonner*). A plaintiff cannot avoid this pleading requirement by (for example) alleging legal and equitable claims "in the alternative" and arguing that whether legal remedies are adequate cannot be known until later. *See Klaehn*, 2022 WL 1830685, at *3 (holding alternative-pleading argument was "irrelevant"). Legal and equitable claims can be alleged in the alternative, but only if *both* alternatives are adequately pleaded at the outset. *Id.*; *see, e.g.*, *Reese v. Wal-Mart Associates, Inc.*, No. 1:24-cv-01092-KES, 2025 WL 472721, at *8 (E.D. Cal. Feb. 12, 2025); *Calcagno v. Kipling Apparel Corp.*, No. 23-cv-2247-BAS-BLM, 2024 WL 3261205, at *11 (S.D. Cal. July 1, 2024); *Bruno v. U.S. Renal Care, Inc.*, No. 2:21-cv-04617-FLA, 2022 WL 2439525, at *7 (C.D. Cal. July 5, 2022); *McKinney v. Corsair Gaming, Inc.*, No. 22-cv-00312-CRB, 2022 WL 2820097, at *10 (N.D. Cal. July 19, 2022); *Hamm v. Mercedes-Benz USA, LLC*, No. 5:16-cv-03370-EJD, 2022 WL 913192, at *2 (N.D. Cal. Mar. 29, 2022) (citing cases). Plaintiff has not pleaded that her legal remedies would be inadequate and so cannot obtain equitable relief.

First, Plaintiff appears to have abandoned her claim for injunctive relief, because the allegations intended to support it are not included in the SAC. That makes sense, partly because Plaintiff has conceded that the alleged violations have already been corrected. The prayer still contains a reference to injunctive relief, however, and so Hershey renews its argument that Plaintiff has not pleaded the facts necessary to show entitlement to prospective injunctive relief. *See*

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (requiring particular allegations for a previously deceived plaintiff to seek injunctive relief); *see also, e.g.*, *Jackson-Jones v. Epoch Everlasting Play, LLC*, 2025 WL 2408817, at *1 (9th Cir. Aug. 20, 2025) (holding that alleging possible future intention to buy product again, "without any description of concrete plans," was too speculative); *Kenney v. Fruit of the Earth, Inc.*, 2024 WL 4578981, at *1 (9th Cir. Oct. 25, 2024) (rejecting injunctive-relief claim; holding plaintiff "need not purchase the defendants' sunscreen anew to determine whether it contains non-zinc active ingredients," because she now knew the back label disclosed this); *Muhmoud v. City of San Jose*, 20-cv-08808-EJD, 2024 WL 2883509, at *5–6 (N.D. Cal. June 6, 2024) (holding plaintiff lacked standing to seek injunctive relief for discriminatory treatment of businesses when he did not allege plans to open another business).

Second, the Court also should dismiss any remaining claims to the extent they seek the equitable monetary remedies of restitution or "disgorgement." Here, Plaintiff seeks legal damages under her CLRA cause of action. SAC ¶¶ 245, p. 78. She alleges no facts showing those damages would necessarily be inadequate if she could recover them, making only legal arguments and conclusory assertions not entitled to the presumption of truth. *Id.* ¶¶ 214, 233, 249. For that matter, she concedes she is making these assertions "only hypothetically" in case her legal causes of action do not succeed. SAC ¶ 233. For example, she alleges that she and class members "will lack an adequate remedy at law if the court requires them to show class wide reliance and materiality" or to prove intent under the FAL. *Id.* But a legal remedy is not "inadequate" just because the plaintiff might lose on that claim. *See Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) (holding plaintiff's inability to prevail on CLRA claim "cannot confer equitable jurisdiction on a federal court to entertain his UCL claim."). Plaintiff alleges no other basis for her position.

All of Plaintiff's claims for equitable relief—including all claims under the FAL, under all three prongs of the UCL, and any claim for unjust enrichment—should therefore be dismissed with prejudice for this reason as well. *See, e.g.*, *Klaehn*, 2022 WL 1830685, at *3; *Guzman*, 49 F.4th at 1312, *Reese*, 2025 WL 472721, at *8 (citing *Guzman*); *King v. General Motors LLC*, 2024 WL 3297059, at *4 (N.D. Cal. July 2, 2024) (same; dismissing UCL claims because plaintiff had adequate legal remedy under Song-Beverly Act).

1

## CONCLUSION

This was Plaintiff's third effort to plead facts stating a plausible claim, and she has again been unable to do so. The Court should dismiss with prejudice.

Dated: November 14, 2025                     Respectfully submitted,

SHOOK, HARDY & BACON LLP

By: /s/Naoki S. Kaneko
    Naoki S. Kaneko
    Amir M. Nassihi
    M. Kevin Underhill

    Attorneys for Defendant
    The Hershey Company

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 14, 2025, I caused a true and correct copy of the foregoing Defendants' Motion to Dismiss the Second Amended Complaint to be filed electronically. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. The Parties may access this filing through the Court's system.


                                        /s/ Naoki S. Kaneko
                                        Naoki S. Kaneko
                                        Amir M. Nassihi
                                        M. Kevin Underhill

                                        Attorneys for Defendant
                                        The Hershey Company