UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REBECCA ESCOBAR,<br><br>        Plaintiff,<br><br>    v.<br><br>THE HERSHEY COMPANY,<br><br>        Defendant. | Case No.   24-cv-06844-EJD<br><br>**ORDER GRANTING IN PART<br>MOTION TO DISMISS**<br><br>Re: ECF No. 45 |

Plaintiff Rebecca Escobar, individually and on behalf of all others similarly situated, brings this action against Defendant the Hershey Company ("Hershey") for Hershey's alleged misrepresentations in the nutrition content claims placed on the packaging of its Lily's brand chocolates.  Second Am. Compl. ("SAC"), ECF No. 41.  Hershey has moved to dismiss under Rule 12(b)(6) for failure to state a claim.  Mot., ECF No. 45.  Plaintiff filed an Opposition, and Hershey filed a Reply.  Opp., ECF No. 46; Reply, ECF No. 47.  The Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b).  For the reasons explained below, the Court **GRANTS IN PART** Defendant's motion to dismiss.

I.      BACKGROUND

        A.      Parties

Plaintiff is a consumer who resides in California.  SAC ¶ 27.  She has purchased three Lily's brand chocolate products ("Products"): the Dark Chocolate Baking Chips, the Peppermint Flavor Baking Chips, and the Coconut Dark Chocolate Bar.  *Id*.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of a class of California consumers "who purchased Defendant's Products within the State of California and within the applicable statute of

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

limitations." *Id*. ¶ 192.

Defendant Hershey is a Delaware corporation with its principal place of business in Hershey, Pennsylvania. *Id.* ¶ 28. Hershey manufactures, markets, and distributes food products throughout California and the United States. *Id*. Hershey acquired the company that produces the Products, Lily's Sweets, LLC, in June 2021. *Id.* ¶ 43.

### B.      Factual Background

Plaintiff takes issue with the nutritional labeling on the Products' packaging. Between October 2021 and March 2022, Plaintiff purchased the Products on multiple occasions at stores in Santa Clara County, California. *Id.* ¶ 27. Plaintiff alleges that the front of the Products' packaging stated, "no sugar added" and "LESS SUGAR." *Id.* ¶¶ 27, 31 (capitalization in original). These front-of-package labels are known as "nutrient content claims." *Id.* ¶ 92. If a food has a relatively high level of saturated fat, the Food and Drug Administration ("FDA") requires manufacturers to place a saturated fat disclosure statement next to the nutrient content claim. 21 C.F.R. § 101.13(h). Similarly, if the packaging makes a claim about the relative amount of a nutrient in the food—such as "less sugar"—the amount of that nutrient in the food must be compared to the amount of that nutrient in an appropriate reference food. 21 C.F.R. § 101.13(j)(1). Plaintiff alleges that Hershey failed to include a disclosure statement or reference food on the Products' packaging. SAC ¶¶ 13, 20, 27(f), 31, 147. She claims that the alleged mislabeling led her to believe that the Products were healthier than competing products, buy the Products, and pay more for the Products than she otherwise would have. *Id.* ¶ 27.

Plaintiff alleges four claims: violations of California's Unfair Competition Law ("UCL"), violations of California's False Advertising Law ("FAL"), violations of California's Consumer Legal Remedies Act ("CLRA"), and unjust enrichment. *Id.* ¶¶ 202–250.

## II.      LEGAL STANDARD

### A.      Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
2

United States District Court
Northern District of California

to dismiss a complaint for failing to state a claim upon which relief can be granted. When deciding whether to grant a motion to dismiss, the court must accept all "well-pleaded factual allegations" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### B.      Rule 9(b)

Claims sounding in fraud must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Typically, Rule 9(b) requires the party alleging fraud to plead "the who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

### III.   DISCUSSION

In moving to dismiss, Defendant makes three broad arguments. First, Defendant posits that Plaintiff's amendment exceeds the scope of the Court's order. Second, Defendant claims that Plaintiff lacks standing to challenge label statements on products she did not see or buy. And third, Defendant contends that Plaintiff has failed to state a claim for each of the four causes of action. The Court assesses the three arguments in turn.

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
3

**A.      Whether the Amendment Exceeds the Scope of the Court's Order**

In the First Amended Complaint ("FAC"), Plaintiff alleged that the "less sugar" labeling was not accompanied by a saturated fat disclosure and that this misled consumers about the amount of saturated fat.  FAC, ECF No. 21, ¶¶ 13–17.  The Court dismissed the claims but granted leave to amend "to allege facts with more specificity and to cure the other deficiencies identified in this Order."  Order, ECF No. 40 at 19.  In the SAC, Plaintiff offers a new, additional theory: the "less sugar" labeling is misleading because it omits a reference food.  SAC ¶¶ 20, 27(f), 31, 147.

Amendments to a complaint must be within the scope of the order granting leave.  When a court grants leave to amend "to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."  *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (collecting cases).  Defendants contend that Plaintiff's amendment—claiming that "less sugar" is misleading because it omits a reference food—is a new claim, and thus outside the scope of the order granting leave to amend.  Mot. at 6, Reply at 2.  A claim is an "interest or remedy recognized at law."  *Claim*, *Black's Law Dictionary* (12th ed. 2024).  Plaintiff added new facts that support a new theory.  But the "interest or remedy recognized at law"—the UCL, FAL, CLRA, and unjust enrichment—are the same in the SAC as in the FAC.  *Id.*  The amendment is not outside the scope of the Court's leave.

**B.      Standing**

Plaintiff alleges she purchased the Dark Chocolate Baking Chips, Peppermint Flavor Baking Chips, and Coconut Dark Chocolate Bar.  SAC ¶ 27(a).  But Plaintiff is suing over all Lily's chocolate bars, filled chocolate bars, chocolate chips, baking bars, peanut butter cups, chocolate-covered nuts, chocolate-covered caramels, and chocolate-covered popcorn.  *Id.* ¶ 32.

In its earlier order, the Court found that Plaintiff had established Article III standing.  Order at 5–6.  In this second motion to dismiss, Defendant argues that Plaintiff lacks standing to challenge label statements on products she did not see or buy.  Mot. at 12–13.  In opposition, Plaintiff argues that this is a question for class certification, or, alternatively, that she has standing

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

because the unpurchased products are substantially similar to the ones that she did purchase. Opp. at 18–22.

In the Ninth Circuit, "[t]here is no controlling authority on whether [p]laintiffs have standing for products they did not purchase." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012). Although some district courts reserve the issue until class certification, most have found that "a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Id*. at 869 (collecting cases). If the products are sufficiently similar, "any concerns regarding material differences in the products can be addressed at the class certification stage." *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012). Products are substantially similar for the purposes of standing when "(1) the products are physically similar; (2) the differences between the products are immaterial because the legal claim and injury to the customer are the same; and (3) both the products and the legal claims and injury are similar." *Sanchez v. Nurture, Inc.*, 626 F. Supp. 3d 1107, 1116 (N.D. Cal. 2022) (citing *Ang v. Bimbo Bakeries USA, Inc.*, 2014 WL 1024182, at *4–8 (N.D. Cal. Mar. 13, 2014)).

Here, Plaintiff only purchased three Lily's products, SAC ¶ 27(a), but she has sued over all Lily's products "that bear similar misrepresentations and lacked the required disclosure statement." *Id*. ¶ 1 & n.2. The SAC later states that this includes all Lily's chocolate bars, filled chocolate bars, chocolate chips, baking bars, peanut butter cups, chocolate-covered nuts, chocolate-covered caramels, and chocolate-covered popcorn, but it does not clarify whether that list is exhaustive. *Id.* ¶ 32. Defendant contends that the purchased and non-purchased products are not substantially similar because they contain different levels of fat and sugar and different ingredients: coconut, caramel, hazelnut butter, peanut butter, nuts, popcorn, and so on. Mot. at 12. Resisting this conclusion, Plaintiff contends that the purchased products and the non-purchased products are substantially similar because "they are all (1) snack products (2) with similar compositions (high levels of dangerous fats) that (3) make similar nutrient content claims and (4) contain the same deception (Defendant's . . . decision to withhold and/or misplace mandatory

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
5

disclosures . . .).” Opp. at 20.

With respect to the legal claim and the alleged injury, Plaintiff claims that Defendant violated the FAL, CLRA, and UCL by printing “less sugar” and “no sugar added” on the packaging of the purchased and non-purchased products without including the required disclosures and reference food.  Thus, Plaintiff has adequately pled that the legal claim and the injury to the customer are similar for the purchased and non-purchased products.  But Plaintiff has failed to plead the remaining elements of *Sanchez*—that the products are physically similar and that the claims’ similarities outweigh the products’ differences—because Plaintiff does not state precisely which products are included in her lawsuit.  Lacking these facts, the Court will not assume that all Lily’s products are similar.

Plaintiff’s claims as to the non-purchased products are therefore DISMISSED.  Because the Court did not reach this argument in its prior order, and because this deficiency might be cured by the allegation of other facts, dismissal is with LEAVE TO AMEND.  *Lopez*, 203 F.3d at 1127.

### C.    Failure to State a Claim

Defendant contends that for each cause of action, Plaintiff has failed to state a plausible claim for relief.  The Court analyzes the arguments for the FAL, CLRA, UCL, and unjust enrichment claims in turn.

### 1.    FAL

The FAL prohibits “untrue or misleading” statements made in connection with the sale of goods.  Cal. Bus. & Prof. Code § 17500.  To state a claim under the FAL, a plaintiff must allege the advertising is “likely to mislead a reasonable consumer.”  *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 46 (Cal. Ct. App. 2006) (citation omitted).  This requires more than a mere possibility that the labeling “might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.”  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).  Rather, it must be likely that “a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.”  *Id*.  This “reasonable person” analysis is generally—though not always—unsuitable for a motion to

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

dismiss. *Williams v. Gerber Products Co.*, 552 F.3d 934, 939–40 (9th Cir. 2008); *cf. Sugawara v. Pepsico, Inc.*, No. 2:08–CV-01335-MCE-JFM, 2009 WL 1439115, at *3–4 (E.D. Cal. May 21, 2009) (finding that the packaging for Cap'n Crunch cereal and its use [of] the term "Crunch Berries" was not misleading).

The Products' packaging featured the claims "no sugar added" and "LESS SUGAR." SAC ¶¶ 27, 31. Plaintiff has three theories as to how these claims would mislead a reasonable consumer.

First, Plaintiff alleges that Defendant omitted the saturated fat disclosure statement required by 21 C.F.R. § 101.13(h). Plaintiff claims that in so doing, Defendant led consumers to believe that the Products did not contain high levels of saturated fat and that the Products were accurately labeled. SAC ¶¶ 13–17. In moving to dismiss, Defendant notes that this is the same argument Plaintiff made in the FAC and argues that the same analysis should apply. Mot. at 7–8. The Court agrees. The Court's earlier order found these allegations to be inadequate, Order at 7–8, and the allegations here are fundamentally the same. Consequently, the Court again finds that Plaintiff has failed to plead that the omission of the saturated fat disclosure statement constituted an FAL violation.

Second, Plaintiff alleges that Defendant omitted the reference food required by 21 C.F.R. § 101.13(j)(1). Plaintiff claims that the omission of the reference food led reasonable consumers to believe that the Products "contain less sugar than all other products in the marketplace[,] even when the Products contain more sugar than other brands in Defendant's own portfolio." SAC ¶ 20. In moving to dismiss, Defendant contends that if "less sugar" is ambiguous, then Plaintiff was obligated to read the back of the package. Mot. at 8. That is true. In situations where the front label is not "unambiguously deceptive," the Court may also consider the back label. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023). Here, the front label is not unambiguously deceptive. "Less sugar" could mean less sugar than the vast majority of chocolates, or it could mean less sugar than all other chocolates—including, as Plaintiff alleges, chocolates with zero grams of sugar. This ambiguity allows the Court to consider the back label.

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
7

United States District Court
Northern District of California

The back label also does not state whether the reference product is regular chocolates or all chocolates, including those with zero grams of sugar. SAC ¶ 60. But it does state that the Products have one gram of sugar per serving. *Id*. One gram of sugar is more than zero grams of sugar. A reasonable person would deduce that the "less sugar" claim could not mean less than products with zero grams of sugar. Thus, Plaintiff has failed to state a claim that "it is probable that a significant portion of . . . consumers, acting reasonably in the circumstances, could be misled" into believing that "less sugar" means less sugar than all other products on the marketplace, including those with zero grams of sugar. *Lavie*, 105 Cal. App. 4th at 508.

Third, Plaintiff alleges that the "no sugar added" and "less sugar" nutrient content claims create a so-called "health halo"—an impression that the food is generally healthier than it actually is. SAC ¶¶ 118–29. Plaintiff bases this allegation on academic studies of consumer responses to food product marketing claims. *Id*. Plaintiff's argument seems to be that since consumers sometimes understand "less sugar" to mean less fat, reasonable consumers would have understood the "less sugar" and "no sugar added" claims here to mean less fat, as well. Defendant moves to dismiss, noting that courts have repeatedly rejected general healthiness claims involving products that are clearly treats. Mot. at 9. Defendant is correct. This Court has previously found it "simply not plausible that a reasonable consumer would purchase and eat chocolate covered ice cream bars for health or nutritive benefits." *Puri v. Costco Wholesale Corp.*, No. 5:21-CV-01202-EJD, 2021 WL 6000078, at *7 (N.D. Cal. Dec. 20, 2021). Here, it is similarly implausible that a consumer would read "no sugar added" or "less sugar" and conclude that a chocolate bar has "positive health implications." SAC ¶ 124. Moreover, this argument seems to be, at its core, the same one that Plaintiff made elsewhere in the pleadings: that a "less sugar" label leads reasonable consumers to believe chocolate is low in fat. The Court rejected that argument in its earlier order, *see* Order at 7, and it sees no reason to find differently here.

In sum, Plaintiff has not alleged sufficient facts to establish that the "less sugar" labeling is likely to mislead a reasonable consumer, and thus has failed to allege a violation of the FAL. The FAL claim is DISMISSED. Because the Court has already dismissed this claim and Plaintiff

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
8

failed to plead any additional facts indicating that a reasonable consumer would be misled, dismissal is without leave to amend. *Lopez*, 203 F.3d at 1127.

### 2.    CLRA

The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices . . . undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The CLRA includes twenty-nine activities in its list of "unfair methods of competition and unfair or deceptive acts or practices." *See id*. § 1770. Plaintiff alleges that the Products' labeling violated the CLRA in four ways: (1) by making "improper representations regarding the source, sponsorship, approval, or certification of the goods they sold," *id.* § 1770(a)(2); (2) by representing that the Products have "characteristics, ingredients, uses, benefits, and quantities that they do not have," *id.* § 1770(a)(5); (3) by representing that the Products "are of a particular standard, quality, or grade" which they are not, *id.* § 1770(a)(7); and (4) by advertising the Products "with intent not to sell them as advertised," *id.* § 1770(a)(9). SAC ¶ 242.

To be actionable under the CLRA, the alleged conduct must be "likely to mislead a reasonable consumer"—the same standard as in the FAL analysis above. *Colgan v. Leatherman Tool Grp., Inc.,* 38 Cal. Rptr. 3d 36, 48 (Cal. Ct. App. 2006), *as modified on denial of reh'g* (Jan. 31, 2006). The Court already found that the packaging was not likely to mislead a reasonable consumer. *See supra* Part III.C.1. Thus, the Court also finds that Plaintiff has failed to state a claim for violations of the CLRA. This claim is DISMISSED without leave to amend. *Lopez*, 203 F.3d at 1127.

### 3.    UCL

California's UCL prohibits unfair competition, which includes "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff claims that Defendant violated the UCL's unlawful and unfair prongs. Like FAL and CLRA claims, UCL claims are grounded in fraud and must be pleaded with particularity under Rule 9(b). *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018); *Kearns v. Ford Motor Co.*, 567 F.3d

1120, 1125 (9th Cir. 2009).  A plaintiff must also demonstrate that she purchased the product in question as a result of the deceptive advertising.  *Kwikset v. Superior Court*, 51 Cal. 4th 310, 321.

### a.    Prohibition Against Unlawful Acts and Practices

If a business practice violates a law, a plaintiff may seek redress under UCL section 17200. *See People v. E.W.A.P. Inc.*, 165 Cal. Rptr. 73, 75 (Cal. Ct. App. 1980) ("the purpose of the amendment was to extend the meaning of unfair competition to anything that can properly be called a business practice and that at the same time is forbidden by law") (citation modified).

Plaintiff alleges that Defendant violated the UCL's prohibition against unlawful acts and practices by violating the FAL; CLRA; the advertising provision (Article 3) and misbranded food provision (Article 6) of the Sherman Food, Drug, and Cosmetic Law; and federal laws and FDA regulations regulating the advertising of food, which are incorporated into the Sherman Law. SAC ¶ 206.  Plaintiff failed to state a claim for violations of the FAL and CLRA, *supra* Part III.C.1–2, so those laws do not provide a predicate unlawful act for the UCL claim.  As a result, the Court only considers whether Plaintiff has stated a claim for violation of the Sherman Law and the federal laws and regulations.

Plaintiff alleges Sherman Law violations including the California Health and Safety Code's advertising provisions, §§ 110390, 110395, 110398, 110400, and misbranding provisions, §§ 110660, 110665, 110705, 110760, 110765, 110770, 110100(a), 110380, and 110505.  SAC ¶ 206.  Plaintiff also asserts that Defendant has violated 21 U.S.C. § 343(a), *et seq*. of the Food, Drug, and Cosmetics Act ("FDCA") and FDA regulations including 21 C.F.R. § 101, which has been adopted by reference into the Sherman Law.[1]  SAC ¶¶ 206–07.

Plaintiff alleges that Defendant violated 21 C.F.R. 101.13(h), which is incorporated into state law by California Health and Safety Code § 110100(a).  SAC ¶¶ 8–12.  21 C.F.R. § 101.13 provides that if a food contains more than 4.0 grams of saturated fat "per reference amount customarily consumed," the food "must bear a statement disclosing that the nutrient exceeding the

---

[1] To be clear: Plaintiff is bringing her claims under the Sherman Law, not the FDCA.  See Order at 10–11.

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

specified level is present in the food as follows: 'See nutrition information for ___ content' with the blank filled in with the identity of the nutrient exceeding the specified level." 21 C.F.R. § 101.13(h). Plaintiff alleges that though the Products contained more than 4 grams of saturated fat per serving, they did not feature the required saturated fat disclosure statement. SAC ¶ 33.

21 C.F.R. § 101.13(j) is also incorporated into state law by California Health and Safety Code § 110100(a). This regulation provides that if a food bears a "relative claim about the level of a nutrient, the amount of that nutrient in the food must be compared to the amount of nutrient in an appropriate reference food." 21 C.F.R. § 101.13(j)(1). Plaintiff alleges that Defendant printed "LESS SUGAR" on the Products' packaging but did not include a reference food. SAC ¶¶ 20, 27(f), 31, 147.

The UCL requires that consumers plead they would not have bought the product but for the misrepresentation. *See Kwikset*, 51 Cal. 4th at 330 ("A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of section 17204 by alleging . . . that he or she would not have bought the product but for the misrepresentation."). Here, Plaintiff alleges that had Defendant included the saturated fat disclosure statement and the reference food, she would not have purchased the Products, would have purchased fewer of the Products, or would have paid less for them. SAC ¶ 208.

For that allegation to be plausible, the Products must have been mislabeled when Plaintiff purchased them. The Court previously dismissed this claim because it was not clear whether this was the case. Order at 11–12. The SAC has remedied that deficiency. Plaintiff alleges that the Products were mislabeled from the time Hershey's acquired Lily's in June 2021 until sometime in the spring of 2024, SAC ¶¶ 43, 146, 148, and that she purchased the Products between October 2021 and March 2022. SAC ¶ 27(a). Plaintiff has plausibly alleged that she purchased the products when they were mislabeled.

But Defendant contends that this is not simply a matter of timing. Defendant insists that to plead reliance, Plaintiff must also demonstrate that a reasonable consumer would have been misled by the mislabeled packaging. Mot. at 10, Reply at 5. Plaintiff disagrees, arguing that she does not

need to plead that a reasonable consumer would have been deceived to state a claim under the unlawful prong of the UCL.  Opp. at 4–5.

Both sides are partially correct.  The reasonable consumer test is required under the UCL's unlawful prong when it is an element of the predicate violation.  The FAL and CLRA require that a reasonable person would have been deceived, *see supra* Part III.C.1–2, so a UCL claim based on a FAL or CLRA violation requires it, as well.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (applying the reasonable person standard when the predicate violations were FAL and CLRA claims).

Conversely, the reasonable consumer test is not required under the UCL's unlawful prong when it is not an element of the predicate violation.  *Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 472 (9th Cir. 2017).  Admittedly, there is some ambiguity here: in *Ebner v. Fresh, Inc.*, the Ninth Circuit applied a reasonable consumer standard to determine whether a lip balm's packaging was misleading under the meaning of the Sherman Law.  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 967 (9th Cir. 2016) (citing Cal. Health & Safety Code § 111750).[2]  In that case, however, the Ninth Circuit used the reasonable person standard to determine whether a predicate violation existed in the first place.  Here, on the other hand, Defendant does not contest that they failed to include the required disclosures on the Products' packaging in violation of California Health and Safety Code § 110100(a).  In most cases, the rule that the reasonable consumer test is required only when it is an element of the predicate violation is an "uncontroversial proposition."  *Swearingen v. Late July Snacks LLC*, No. 13-CV-04324-EMC, 2017 WL 4641896, at *3 (N.D. Cal. Oct. 16, 2017).  The predicate Sherman Law violations do not require a reasonable consumer test, so the unlawful-prong UCL claim does not either.

---

[2] Defendant cites a number of other cases to argue for applying the reasonable consumer standard t UCL unlawful claims.  These cases are unavailing for a variety of reasons.  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1098 (N.D. Cal. 2017) applied the standard citing a district court decision that was later reversed.  *Khasin v. Hershey Co.*, No. 5:12-CV-01862-EJD, 2014 WL 1779805, at *3 (N.D. Cal. May 5, 2014), *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013), and *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1145 (N.D. Cal. 2013) all simply state that plaintiffs must plead actual reliance.

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
12

Because Plaintiff has pled that she purchased the Products when they were in violation of the Sherman Law, and because no reasonable consumer test is required, Plaintiff has stated a claim under the UCL's unlawful prong.

### b.    Prohibition Against Unfair and Fraudulent Business Practices

Under the UCL, a business practice is fraudulent if "members of the public are likely to be deceived." *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211 (Cal. 1983) (citation omitted).  An unfair business practice, meanwhile, "threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (Cal. 1999).[3]  Though the reasonable consumer standard does not govern UCL claims based on unlawful acts, it does govern UCL claims based on unfair and fraudulent business practices. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (reasonable consumer test governs unfair business practices); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (reasonable consumer test governs fraudulent business practices).

Plaintiff alleges that Defendant engaged in fraudulent and unfair practices by "unlawfully making a nutrient content claim on the Products' packaging without complying with the regulatory requirements," "failing to provide a [saturated fat] disclosure statement," "failing to include the reference product and the required quantitative information for the 'less sugar' claim," and "misleading reasonable consumers regarding the health and nutritional benefits of the Products." SAC ¶ 207.  But as the Court has already explained, Plaintiff has not pled facts demonstrating that

---

[3] While the California Supreme Court in *Cel-Tech* declined to apply this test to a consumer case, several California appellate courts have applied this standard in consumer cases. *See, e.g.*, *In re Firearm Cases*, 24 Cal. Rptr. 3d 659, 673 (2005); *Gregory v. Albertson's, Inc.*, 128 Cal. Rptr. 2d 389 (Cal. Ct. App. 2002) ("*Cel-Tech*, however, may signal a narrower interpretation of the prohibition of unfair acts or practices in all unfair competition actions and provides reason for caution in relying on the broad language in earlier decisions that the court found to be 'too amorphous.'"); *Schnall v. Hertz Corp.*, 93 Cal. Rptr. 2d 439 (Cal. Ct. App. 2000) ("[A]ny claims of unfairness under the UCL should be defined in connection with a legislatively declared policy .... ").

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
13

either the nutrient content claims or the missing disclosure and reference product would have misled a reasonable consumer. *See supra* Part III.C.1–2. Because this is the second time Plaintiff has failed to plead that a reasonable consumer would have been misled, Plaintiff's claim for violation of the fraudulent and unfair prongs of the UCL is DISMISSED without leave to amend.

### 4.    Claims for Equitable Relief, Including Unjust Enrichment

Failing dismissal of the claims on other grounds, Defendant argues that the Court should dismiss Plaintiffs' claims for equitable relief—including the claims for unjust enrichment and violations of the FAL and UCL—because Plaintiff has failed to allege that she has no adequate remedy at law. Mot. at 14.

District courts have equitable jurisdiction under federal common law only if the plaintiff has no adequate legal remedy. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). "For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole." *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (collecting cases). "Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable." *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011).

The issue here is whether the Court's dismissal of Plaintiff's CLRA claim, *supra* Part III.C.2, means that Plaintiff no longer has an "adequate remedy at law" for the purposes of equitable jurisdiction. *Rhynes*, 2011 WL 2149095, at *4. In the foundational case on this question, *Sonner v. Premier Nutrition Corp.*, the plaintiff initially brought claims for equitable relief under the UCL and CLRA and for damages under the CLRA, but later strategically dismissed her CLRA damages claim to avoid a jury trial. 971 F.3d 834, 837–38 (9th Cir. 2020). The Ninth Circuit held that if a plaintiff has an adequate legal remedy under the CLRA, she cannot also maintain equitable claims under the UCL and CLRA in federal court. The Ninth Circuit revisited this issue in *Guzman v. Polaris Indus. Inc*. *Guzman*, 49 F.4th at 1310. There, the plaintiff sued for violation of the UCL and CLRA, but the CLRA claim was time-barred. *Id*. The

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

Ninth Circuit concluded that the CLRA claim nonetheless constituted an "adequate remedy at law," reasoning that the plaintiff's "failure to have timely pursued his CLRA claim cannot confer equitable jurisdiction on a federal court to entertain his UCL claim." *Id*. at 1312. In *Sonner*, the plaintiff strategically dismissed the legal remedy; in *Guzman*, the plaintiff failed to pursue the legal remedy. The plaintiffs in those cases had an adequate remedy at law—they simply chose not to pursue it. Here, on the other hand, the Court has already dismissed the CLRA claim on the merits, so there is not a "plain, adequate, and complete remedy at law." *Guaranty Trust Co. v. York*, 326 U.S. 99, 105 (1945). Unlike in *Sonner* and *Guzman*, this is not due to Plaintiff's strategic decisions or delay. Accordingly, the Court declines to dismiss Plaintiff's request for equitable relief on these claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss as follows:

1. All of Plaintiff's claims as to the non-purchased products are dismissed for lack of standing. Dismissal is WITH LEAVE to amend, but if Plaintiff chooses to amend her complaint, she may not re-allege the FAL, CLRA, or UCL unfair- and fraudulent-prong claims dismissed by this Order.

2. Plaintiff's FAL claim is dismissed WITHOUT LEAVE to amend.

3. Plaintiff's CLRA claim is dismissed WITHOUT LEAVE to amend.

4. Plaintiff's claim under the unfair and fraudulent prongs of the UCL is dismissed WITHOUT LEAVE to amend.

Defendant's motion to dismiss Plaintiff's claim under the unlawful prong of the UCL as well as her claim for unjust enrichment is DENIED. If Plaintiff intends to file a third amended complaint, she shall do so within **twenty-one (21) days of this order**.

///

///

///

///

Case No.: 24-cv-06844-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
15

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 12, 2026

EDWARD J. DAVILA
United States District Judge